## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RENEA MOSELY                         )
                                     )
    Plaintiff                    )
                                     ) CIVIL ACTION
v.                                   )
                                     ) FILE NO.
THE FRESH MARKET, INC.               )
                                     )
    Defendant                    )

## COMPLAINT

## I.  JURISDICTION AND PARTIES

Comes now the Plaintiff, RENEA MOSELY, (hereinafter "Plaintiff") and files this Complaint against Defendant, THE FRESH MARKET, INC., (hereinafter "Defendant") showing the Court as follows:

1.

This is an action pursuant to the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §1001 et. seq, for a denial of benefits and in the alternative for breach of fiduciary duties on the part of Defendant.

2.

Jurisdiction and venue are proper in the United States District Court for the Northern District of Georgia pursuant to 29 U.S.C. § 1132 (e)(2) because the breach

or breaches occurred in this district.

3.

Defendant is a foreign corporation authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this court and may be served with process through its registered agent, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30006.

## FACTUAL BACKGROUND

4.

Plaintiff was an employee of Defendant having started working for Defendant on August 2, 2017.

5.

Plaintiff started as a part-time employee but within one month was made an Assistant Manager and worked forty plus hours a week.

6.

On or about October 6, 2017 her local Manager asked Plaintiff to be full-time officially.

7.

At that stage the system should have been changed for purposes of all types of insurance.

8.

Plaintiff attempted to obtain all types of insurance.

9.

On or about October 2017,  Plaintiff had a biopsy.

10.

On or about December 2017, Plaintiff was diagnosed with breast cancer.

11.

Despite many attempts, Plaintiff was not enrolled for any type of insurance until January 2018 and this enrollment was accomplished at her own direction.

12.

On June 4, 2018, Plaintiff had a mastectomy.

13.

Plaintiff subsequently underwent chemotherapy and radiation.

14.

Because Defendant failed to properly change Plaintiff in the system, she was rejected for most of her insurance coverage with the exception of health insurance due to a pre-existing condition, namely her breast cancer.

15.

Specifically, Plaintiff was rejected on August 31, 2018 from the cancer and

specified disease policy due to a pre-existing condition  and later was rejected regarding her disability benefits from Zurich Insurance Company.

16.

Plaintiff was also ultimately rejected coverage under the accidental death and dismembership policy.

17.

But for Defendant's actions, Plaintiff would have had this insurance coverage.

18.

Plaintiff wrote Defendant a letter informing them of these facts on January 16, 2018 in an attempt to exhaust administrative remedies.

19.

No response was received from Defendant.

20.

Plaintiff wrote an additional letter, to Defendant,  on July 24, 2020 via certified mail and although Plaintiff received a receipt indicating that this letter was delivered no response was received from Defendant.

21.

Administrative remedies have, at this point, been deemed exhausted under ERISA regulations.

## COUNT 1: BREACH OF FIDUCIARY DUTY AND CLAIM FOR EQUITABLE RELIEF

### 22.

The above allegations are hereby re-alleged as if fully set forth herein.

### 23.

Congress designed ERISA to promote the interests of employees and their beneficiaries in employee benefit plans.

### 24.

Plan fiduciaries are obligated to discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries.

### 25.

The ERISA fiduciary duty includes the common law duty of loyalty which requires the fiduciaries to deal fairly and honestly with beneficiaries.

### 26.

It also imposes an affirmative duty on the fiduciaries to convey complete, thorough, and accurate information that is material to a beneficiary's claim and circumstance.

27.

This obligation on fiduciaries includes an obligation to reasonably explain to plan participants and beneficiaries the material terms and conditions of the relevant plan documents and provide them with adequate notice of what they need to do in order to continue their coverage.

28.

Defendant is the Plan Sponsor and Plan Administrator for all health and welfare plans at issue in this complaint.

29.

Defendant is not an insurance company and the claims administrators of the plans involved in this case were the actual insurers of the benefits.

30.

Defendant is a fiduciary obligated to act in a manner consistent with its fiduciary obligations to Plaintiff as a plan participant.

31.

Defendant failed to act properly and breached its fiduciary obligation to Plaintiff.

32.

These breaches resulted in depriving Plaintiff of her insurance coverage.

33.

Arguably, Plaintiff has no adequate remedy under ERISA's denial of benefits section due to the fact that health and welfare benefits do not vest as a legal proposition, however Plaintiff does have a remedy under ERISA's "catch-all" section.

34.

Defendant breached its fiduciary duty, not by withholding vested benefits, but by failing to properly enroll the Plaintiff at the proper time.

35.

ERISA provides a remedy for this conduct under its "catch-all" provision and Plaintiff is entitled to appropriate relief.

36.

This relief includes, but is not limited to:

1.   an Equitable Surcharge in the form of monetary "compensation" for the losses resulting from Defendant's breach of fiduciary duty in order to make Plaintiff whole; and

2.   Estoppel placing Plaintiff in the same position that she would have been in had Defendant properly enrolled her.

## <u>COUNT 2: DENIAL OF BENEFITS</u>

37.

In the alternative Plaintiff pleads for benefits as these benefits would be allowable under the plans.

38.

Plaintiff did everything she could to obtain these benefits and would have qualified for these benefits, but for Defendant's actions/non actions.

WHEREFORE, Plaintiff respectfully prays for the following:

(A)    an Equitable Surcharge in the form of monetary "compensation" for the losses resulting from Defendant's breach of fiduciary duty in order to make Plaintiff whole;

(B)    Estoppel placing Plaintiff in the same position that she would have been in had Defendant enrolled her at the proper time;

(C)    In the alternative to a and b, Plaintiff asks for payment of all benefits that she would have received but for Defendant's actions.

(D)    Attorneys' fees and costs of this action, and

(E)    Any other equitable and additional relief that this Court deems just and proper.

This __24th_ day of September, 2020.

ROGERS, HOFRICHTER & KARRH, LLC

_s/Heather K. Karrh_

Heather K. Karrh
Georgia Bar No. 408379

ROGERS, HOFRICHTER &
  KARRH LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118